## WADDEL v. GLASSEL.

1. Contract between the parties by which the *principal duty was to be performed by A. G.* (the defendant) in favor of J. W. W. (the plaintiff,) concludes and is subscribed as follows: "In testimony of which, we have hereunto annexed our respective signatures, this 30th day of April, A. D. 1841. J. W. W. [L. S.] A. G." *Held:* That this was not a sealed instrument previous to the act of 1839, and that, that statute had not made it such; that to constitute a writing under seal, it should *import upon its face* that the parties thus intended to execute it. Such an indication might be made by the usual conclusion, "witness our hands and seals," &c. and perhaps by a scrawl set opposite the names of all who subscribed the instrument, with the word *seal* or the letters *L. S.* written therein.

Writ of Error to the County Court of Sumter.

THIS was an action of assumpsit at the suit of the plaintiff

against the defendant. On the trial, the plaintiff offered to read to the jury a written contract between the parties, which is described in the declaration. This contract concludes and is subscribed as follows, viz : " In testimony of which, we have hereunto annexed our respective signatures, this 30th day of April, A. D. 1841.

ISAAC W. WADDEL, [L. S.]

AND'W GLASSEL.

Test : *Jno. R. Larkins."*

To the introduction of this writing as evidence, the defendant objected, on the ground that it was a sealed instrument, which objection was sustained, and the writing excluded. Thereupon the court charged the jury, that the plaintiff had failed to make out his case by proof. To all which the plaintiff excepted, &c.—a verdict and judgment were accordingly rendered for the defendant.

J. HAIR and HOIT, for the plaintiff in error, made the following points : 1. To make a sealed instrument, the intention should appear in the body of the writing, and a scrawl should be placed opposite to the names of the parties signing. [Minor's Rep. 187, 421; 4 Ala. Rep. 140.] 2. The letters *L. S.* in a scrawl, if nothing else appears, will not make a seal. But if this made the paper a writing obligatory as it respects the plaintiff, there is no proof that the defendant adopted his seal. [1 Phil. Ev. 416 ; 9 Johns. Rep. 285; 7 Gill & J. Rep. 284; 2 Dev. Rep. 493; 2 Port. Rep. 58.]

S. W. INGE, for the defendant. The writing excluded from the jury is a sealed instrument without the aid of the act of 1839. [Minor's Rep. 187; 1 Wash. Rep. 56 ; Clay's Dig. 138 ; 3 Ala. Rep. 145; 4 Id. 140 ; 7 Id. 351.] The seal opposite the name of the plaintiff may be considered the seal of the defendant also. [2 Port. Rep. 54 ; 9 Johns. Rep. 285; 3 Phil. Ev. C. & H. Notes, 1280.]

COLLIER, C. J.—Previous to the act of 1839, the contract declared on would not have been recognized as a sealed instrument as to either the plaintiff or defendant; because

72

the writing did not contain a recognition that the scrawl set opposite the name of the plaintiff was intended to be the seal of either party. [Minor's Rep. 187.] The act referred to enacts "that all covenants, conveyances, and all contracts in writing, which import on their face to be under seal, shall be taken, deemed and held to be sealed instruments, and shall have the same effect as if the seal of the party or parties were affixed thereto, whether there be a scrawl to the name of such party or parties or not." Clay's Dig. 138.

Taking this statute in connection with the case cited from *Minor*, and we think it is clear that the agreement in question was not under seal. To give to it such a character, it should *import upon its face* that the parties thus intended to execute it. This is most usually indicated by the conclusion of a writing, which recites that the parties have subscribed their names and affixed their seals; "witness our hands and seals," &c.

We will not say that without such a recognition in the body of the writing, it cannot be a sealed instrument. If a scrawl was placed opposite the name of each of the contracting parties, and the letters "L. S." or the word "seal" written therein, perhaps that dignity would be imparted to it. But where the contract is silent in respect to the intention of the parties to seal it, and a scrawl with the letters "L. S." inserted in it, is placed opposite the name of the party in whose favor the principal duty is to be performed, the legal construction of the writing will not authorize it to be treated as a sealed instrument.

If the statute of six years had run, could not the defendant avail himself of it, as a bar, or would the statute of sixteen years, the limitation to actions on specialties, apply. We think most certainly the former, as the defendant did not employ a seal for himself, and there is nothing on the face of the paper to show that he adopted for himself the scrawl of the plaintiff.

In no view in which the question arising upon the record has presented itself to us, can the ruling of the circuit court be supported—its judgment is therefore reversed, and the cause remanded.